UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                2:05-cr-65-FtM-29SPC

CLEMENT A. MCDOWELL

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Modification of Imposed Term of Imprisonment (Doc. #351) filed on December 28, 2011. In a prior Order (Doc. #350), the Court appointed the Federal Public Defender to represent defendant. After receipt of defendant's *pro se* motion, the Court directed the Federal Public Defender to file a memorandum in support of defendant's motion. The Federal Public Defender filed the Memorandum (Doc. #353) on March 12, 2012. The government filed its Opposition to Sentence Reduction (Doc. #355) on March 28, 2012. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 750 or the Fair Sentencing Act of 2010, his motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -

> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendments 750 and 759.

At defendant's original sentencing, the Court determined, based upon the drug quantity attributed to defendant of at least 35 grams of crack cocaine, that his Base Offense Level was 28. The Court then added two levels for obstruction of justice, for a Total Offense Level of 30. Defendant's Criminal History Category was Category V, but pursuant to Sentencing Guidelines § 4A1.3, the Court reduced it to Category IV. A Total Offense Level of 30 with a Criminal History Category of IV resulted in a Sentencing Guidelines range of 135 to 168 months imprisonment. The Court then granted a four level variance as allowed by United States v. Booker, 543 U.S. 220 (2005), resulting in a Total Offense Level of 26. A Total Offense Level of 26 with a Criminal History Category of IV resulted in a Sentencing Guidelines range of 92 to 115 months imprisonment. The Court imposed a sentence of 96 months imprisonment.

Amendments 750 and 759 lower the base offense level in this case from level 28 to level 26, which would lower defendants total offense level from 30 to 28.  The government also agrees that the § 4A1.3 adjustment should be allowed under these Amendments.  Therefore, defendant's new Sentencing Guidelines range would be 110 to 137 months (level 26, plus 2 levels for obstruction of justice, and a Criminal History Category of IV).  As now amended, § 1B1.10(b)(2)(A) does not allow the court to reduce a sentence below the amended guidelines range.  Since the Court's original sentence of 96 months is already below the amended range, defendant is not eligible for, and the Court lacks the authority to grant, a further reduction.  The Court agrees with the government's positions that § 1B1.10(b)(2)(A) does not violate the *ex post facto* clause, the Administrative Procedures Act, statutory directives, or separation of powers principles (Doc. #355, pp. 6-15.)

To the extent that defendant's *pro se* motion relies on the retroactivity of the Fair Sentencing Act of 2010, the Court would note that no binding authority establishes that this Act is retroactive to defendant's case, i.e., a case where the conduct was committed before the August 3, 2010 date of its enactment and defendant was sentenced before its enactment.  Therefore, defendant's argument that this Act supports a sentence reduction is rejected.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Modification of Imposed Term of Imprisonment (Doc. #351) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of April, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Clement McDowell