UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLEMENT McDOWELL,

    Petitioner,

vs.                                Case No. 2:10-cv-43-FTM-29SPC
                                    Case No. 2:05-cr-65-FTM-29SPC

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #338)[1] (hereafter § 2255 motion). The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #7), and petitioner filed a Reply (Cv. Doc. #12). For the reasons set forth below, petitioner's § 2255 motion is denied.

**I.**

On July 20, 2005, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #3) against Clement

---

[1] The Court will make reference to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc." The page numbers refer to the upper right corner numbers generated by the Court's CM/ECF unless otherwise indicated.

McDowell (petitioner or McDowell) charging that on two separate dates he knowingly and willfully possessed with intent to distribute and did distribute five (5) grams or more of a substance or mixture that contained crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and 18 U.S.C. § 2. In due course, the Court granted the government's motion to dismiss Count One (Cr. Doc. #199) and a jury trial was held on Count Two (Cr. Docs. ## 240, 244). The jury found petitioner guilty (Cr. Doc. #246), and after a downward departure (Cr. Doc. #264), the Court sentenced petitioner to ninety-six months of imprisonment and 60 months of supervised release (Cr. Doc. #265). Petitioner filed a Notice of Appeal (Cr. Doc. #266), and the Eleventh Circuit affirmed petitioner's conviction and sentence (Cr. Doc. #337; United States v. McDowell, 348 F. App'x 455 (11th Cir. 2009)). No petition for writ of *certiorari* was filed with the United States Supreme Court.

**II.**

Petitioner raises three issues in his § 2255 motion: (1) Ineffective assistance of trial counsel for failure to renew a motion for judgment of acquittal at the end of all evidence, which precluded petitioner from raising the issue on appeal (Ground One) (Cv. Doc. #1, p. 2; Cr. Doc. #338, p. 2); (2) ineffective assistance of trial counsel for failing to fully explain the relative sentencing implications of pleading guilty versus going to trial (Ground Two) (id. at p. 3); and (3) ineffective assistance of

appellate counsel for filing an "erroneous" brief with the Eleventh Circuit Court of Appeals (Ground Three) (id., pp. 3-4).

**A. General Principles**

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). A court need not address both prongs of the Strickland test, however, if a petitioner makes an insufficient showing as to either prong. Dingle v. Sec'y for the Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)), cert. denied, 131 S. Ct. 177 (2010). A court must "judge the reasonableness of counsel's conduct on the facts of the

-3-

particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86

(2000). If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 960, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**B.  Failure to Renew Motion for Judgment of Acquittal**

After the government rested, petitioner's counsel moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29 (Cr. Doc. #312, p. 123).  That motion was denied by the Court because "viewing the evidence in the light most [favorable] tomorrow [sic] to the government . . . a reasonable jury could find the defendant guilty." (Id., p. 124.)  Petitioner's counsel then presented evidence in his case-in-chief, including petitioner's own testimony. (Cr. Doc. #313, pp. 151-242.)  Defense counsel failed to renew the motion for judgment of acquittal at the conclusion of all the evidence. (Id., p. 261.)  Petitioner contends that this failure to renew the motion for judgment of acquittal after all the evidence precluded petitioner from appealing the trial court's denial of the motion for judgment of acquittal at end of the government's case.  This failure, petitioner argues, constituted

ineffective assistance of counsel. (Cv. Doc. #1; Cr. Doc. #338, p. 2.)

The appellate court normally reviews a properly preserved challenge to the sufficiency of the evidence under a *de novo* standard. United States v. Doe, 661 F.3d 550, 560 (11th Cir. 2011). This standard asks "whether a reasonable jury could have found defendant guilty beyond a reasonable doubt." United States v. Mercer, 541 F.3d 1070, 1074 (11th Cir. 2008). The evidence is viewed in the light most favorable to the government, and all reasonable inferences and credibility evaluations are in favor of the jury's verdict. United States v. Pena, 684 F.3d 1137, 1152 (11th Cir. 2012); Doe, 661 F.3d at 560; United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Faust, 456 F.3d 1342, 1345 (11th Cir. 2006)(internal quotation marks omitted). A conviction will be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Doe, 661 F.3d at 560.

A defendant who makes a motion for judgment of acquittal at the conclusion of the government's evidence, and then presents evidence after the motion is denied, waives any objection to the denial of that motion and foregoes appellate review of that motion. United States v. Thomas, 987 F.2d 697, 702 (11th Cir. 1993). If

defendant's motion for judgment of acquittal is renewed after the presentation of all the evidence, the appellate court's review of the denial of that motion would incorporate all evidence presented at trial, not just that provided during the government's case-in-chief. United States v. Shuler, 373 F. App'x 949, 951 (11th Cir. 2010)(citing United States v. White, 611 F.2d 531, 536 (5th Cir. 1980)).[2] The appellate court would apply the same test as the lower court to that motion, namely: whether viewing the evidence in light most favorable to the government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, any rational trier of fact could have found the essential elements of the crime by a reasonable doubt. United States v. Cochran, 683 F.3d 1314, 1321-22 (11th Cir. 2012); United States v. Evans, 344 F.3d 1131, 1134 (11th Cir. 2003).

A different standard of appellate review is utilized if the motion for judgment of acquittal is not raised or is not renewed after a defendant presents evidence on his own behalf. In such a case, an appellate court will review a sufficiency of the evidence claim only to determine if there has been a manifest miscarriage of justice. United States v. House, 684 F.3d 1173, 1196 (11th Cir. 2012)(citing United States v. Jones, 32 F.3d 1512, 1516 (11th Cir. 1994)). This is a "somewhat heavier burden", United States v.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit issued before October 1, 1981.

Greer, 440 F.3d 1267, 1271 (11th Cir. 2006), which requires the appellate court to affirm the defendant's conviction unless "the evidence on a key element of the offense is so tenuous that [the] conviction [is] shocking." House, 684 F.3d at 1196 (citing United States v. Milkintas, 470 F.3d 1339, 1343 (11th Cir. 2006)). "In making this determination, we must view the evidence in the light most favorable to the government and accept all reasonable inferences and credibility determinations that support the jury's verdict." Id.

Since petitioner presented evidence after the government rested, he waived any appellate review of the denial of his motion for judgment of acquittal at the end of the government's case. Thomas, 987 F.2d at 702. This was not the result of any ineffective assistance of counsel, but the result of well established law.

The Court will assume, however, that the failure to renew a motion for judgment of acquittal at the conclusion of all the evidence was deficient performance under Strickland. The effect of this was to require petitioner to meet the "somewhat heavier burden" in the Court of Appeals. The question becomes whether petitioner can establish prejudice, that is, that there was a reasonable probability that the appellate court would have found the evidence insufficient to support his conviction had the issue been properly preserved and the lesser standard of review applied.

Petitioner was convicted of possession with intent to distribute a controlled substance. To sustain a conviction, the government must establish three elements: (1) knowledge, (2) possession, and (3) intent to distribute. McDowell, 348 F. App'x at 456. The Eleventh Circuit summarized the government's evidence as follows:

> Here, testimony-which was corroborated by a recorded conversation and video surveillance-showed that (1) a confidential informant (CI) called McDowell about purchasing $500 worth of crack cocaine; (2) McDowell met the CI at the CI's residence (which was being surveilled by a police officer) with a cooler; (3) McDowell allowed the CI to look through the cooler, which had drugs in it; (4) the CI gave McDowell money with one hand and received two plastic baggies in the other; and (5) after the transaction, the CI gave the police officer surveilling the transaction the crack cocaine he had just purchased. This evidence plainly was sufficient for a jury to find McDowell guilty of drug trafficking; and we conclude that his conviction was not a manifest miscarriage of justice.

McDowell, 348 F. App'x at 457. The Court concludes that the evidence was sufficient to support the conviction even if it had been reviewed under the *de novo* standard by the appellate court. As was stated, this was plainly sufficient to allow the jury to find petitioner guilty of the charged offense.

If defense counsel had renewed the motion for judgment of acquittal, the appellate court would have reviewed all the evidence, including petitioner's testimony and the other evidence he presented. A review of that evidence would have led to the same conclusion: Viewing the evidence in light most favorable to the government, and drawing all reasonable inferences and credibility

choices in favor of the jury's verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Evans, 344 F.3d at 1134. Neither consideration of petitioner's testimony nor that of the confidential informant called by petitioner as a witness necessarily undermines the jury verdict. Cochran, 683 F.3d at 1322 ("It is true that the defense presented testimony that contradicted the government's case, but all conflicts in the evidence must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses."). Therefore, there was no prejudice to petitioner resulting from the failure to renew the motion for judgment of acquittal, and no ineffective assistance of counsel. See, e.g., Greer, 440 F.3d at 1272 (failure to make motion for judgment of acquittal not ineffective assistance of counsel where it did not matter because the evidence was sufficient to convict defendant).

### C. Adequate Explanation of Sentencing Implications

In Ground Two of his § 2255 petition, petitioner contends that his attorney failed to adequately explain to him the relative sentencing implications of a plea of guilty versus a trial on Count Two. Petitioner contends that this constitutes ineffective assistance of counsel. (Cv. Doc. #338, p. 3.)

It is certainly true that a criminal defendant has a Sixth Amendment right to effective assistance of counsel in deciding whether to plead guilty or go to trial. Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012);

Hill v. Lockhart, 474 U.S. 52 (1985). Because petitioner was facing only one count, his option was to plead guilty to the charge or to go to trial on the charge. Petitioner has not identified any information which his attorney failed to provide about the sentencing. Petitioner knew the maximum statutory penalty from the arraignment, and an attorney does not need to predict the calculation of the Sentencing Guidelines to be effective. Even if the Court assumes counsel failed to adequately explain the ramifications on sentencing of each option, petitioner has not established prejudice under the Strickland test. This requires petitioner to show that there was a reasonable probability that he would have pled guilty to Count Two and his sentence would have been substantially lower.

Petitioner could not have pled guilty, because he gave sworn testimony under oath that he did not commit the offense. (Cr. Doc. #313, p. 228.) Additionally, even if petitioner had pled guilty, the Sentencing Guidelines range would have been greater than the sentence actually imposed. The Court determined that the total offense level was 30 and petitioner's criminal history was a Category IV[3], which resulted in a range of 135 to 168 months imprisonment. (Cr. Doc. #314, p. 44.) If petitioner had pled guilty, his total offense level would have been 25 (three level

---

[3]The Court found that petitioner's criminal history was significantly over-represented and reduced the Criminal History Category from a Category V to a Category IV. (Cr. Doc. #314, p. 33.)

reduction for acceptance of responsibility and no two level enhancement for perjury at trial). The resulting range would have been 84 to 105 months imprisonment. The Court considered the disparity between crack cocaine and powder cocaine, granted a Booker[4] variance, and imposed a sentence below the guideline range of only 96 months, which was in the middle of the range if there had been a guilty plea. Since the Court granted a variance to arrive at the sentence it deemed appropriate, there is no reasonable probability that a lighter sentence would have been imposed on petitioner even if he had pled guilty. Accordingly, the Court concludes that petitioner is not entitled to relief in this regard.

**D. Appellate Counsel**

Lastly, in Ground Three, petitioner claims that the efforts of his appellate counsel were generally so deficient and "frivolous," such legal representation constituted ineffective assistance of counsel. (Cv. Doc. #1; Cr. Doc. #338, p. 3.) Petitioner specifically contends that his attorney filed an "erroneous" brief with the Eleventh Circuit and that this counsel was consequently "dismissed" from representing the petitioner based on this misfeasance. (Cv. Doc. #1; Cr. Doc. #338, p. 4.) Petitioner provides no factual basis for his claim that his attorney was ineffective, and therefore has failed to establish

---

[4]United States v. Booker, 543 U.S. 220 (2005).

deficient performance.  Even if deficient performance is assumed, the prejudice prong of the <u>Strickland</u> test has not been satisfied because petitioner has not shown that, save for this allegedly erroneous brief, that there is a reasonable probability that the outcome of petitioner's case on appeal would have been different.

On petitioner's appeal, the Eleventh Circuit Court of Appeals addressed the two main issues: (1) sufficiency of the evidence for his conviction and (2) the propriety of the sentence for multiple reasons. (Cr. Doc. # 337.)  There is no evidence that these issues were in any way compromised by a sub-standard brief.  The Court concludes that it is not probable that the outcome of petitioner's appeal would have been any different had his attorney submitted a different appellate brief.  According, petitioner is not entitled to relief in this regard.

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. # 338) is **DENIED** as to all claims for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED**:

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of November, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Petitioner
Counsel of Record

-14-